IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                                      CRIMINAL ACTION NO. 1:05CR16-2

ANGELA DILLARD,
                    Defendant.

## <u>ORDER/OPINION</u>

On the 3rd day of June, 2005, came the United States of America by Shawn Angus
Morgan, Assistant United States Attorney, and also came the defendant, Angela Dillard, in
person, and by her counsel, S. Sean Murphy, for hearing on the Petition for Action on Conditions
of Pretrial Release alleging that Dillard violated Condition #7(p) of her Conditions of Release
by using crack cocaine.

### I.  Procedural History

On March 2, 2005,  Defendant Angela Dillard was released on conditions set by Order.
On May 18, 2005, pre-trial services officer Mark E. McKee filed a "Petition for Action on
Conditions of Pretrial Release" alleging Defendant violated conditions of the Order.  By Order
dated May 18, 2005, United States Magistrate Judge John S. Kaull directed Defendant be arrested
and brought before the Court to answer the allegations made against her in the Petition.

Defendant  was arrested pursuant to the Court's order on May 24, 2005.  Defendant had
an Initial Appearance before the Court on May 25, 2005,  and a full hearing was held on the
Petition for Action on Conditions of Pretrial Release before the undersigned on June 3, 2005.
Defendant appeared in person and by her counsel, S. Sean Murphy.   The United States appeared
by Shawn Morgan, its Assistant United States Attorney.

## II.  Contentions

The Petition alleges that Defendant:

Violated Condition #7(p) of the Order Setting Conditions of Release which required Defendant to refrain from any use or unlawful possession of a narcotic drug and other controlled substances as defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.

The Petition alleges that, on May 2, 2005, during an office visit, Defendant was asked to submit to a drug urinalysis test.  She advised that the drug test would be positive for cocaine, admitting she had used crack cocaine the previous day, May 1, 2005.  She subsequently signed a Positive Urinalysis Test Acknowledgment form admitting to having used crack cocaine on May 1, 2005.

Mr. McKee also alleges in the Petition that Defendant admitted she had missed her last two substance counseling sessions at Valley Mental Health Center in Fairmont, West Virginia.  She became upset and began crying.  She commented that she had difficulty staying away from using crack cocaine and that due to problems associated with raising her son who is in his 30's and autistic, she sometimes contemplates suicide. The pretrial services officer advised Defendant that the only way she would get help was to attend her substance abuse counseling sessions. Defendant advised that her next scheduled session was May 18, 2005, and Mr. McKee advised her to call her counselor and try to get an earlier appointment.

Mr. McKee also contacted Defendant's substance abuse counselor, who advised that Defendant presented for her initial intake appointment on April 4, 2005, but failed to appear for her next two scheduled appointments on April 14, and May 2, 2005.  He confirmed that her next appointment was May 18, 2005.  Mr. McKee advised the counselor about Defendant's comments

regarding suicide.  The counselor told Mr. McKee to have Defendant contact him and he would refer her to a crisis worker.  Defendant contacted her counselor, who saw her for a counseling session on May 10, 2005.  He did not, however, refer her to a crisis worker at that time because she appeared to be in good spirits.  Nevertheless, he indicated that Defendant was generally depressed, which he was addressing, and once she stopped using drugs, he would look into medications for her depression.  He also referred her to NA meetings.

The Court notes that Defendant admitted to using crack cocaine on a previous occasion, April 3, 2005.  At that time the supervising pretrial services officer filed a Petition recommending no action be taken, based on Defendant's recognizing she had a drug problem and enrolling in substance abuse counseling.  The Court at that time concurred with the pretrial services officer's recommendation.

Prior to the taking of evidence, Defendant, through counsel, waived the hearing regarding the alleged violation and, in open court, stated she  admitted to the charges in the Petition. Thereupon the undersigned Magistrate Judge had Defendant placed under oath and proceeded to remind  her of the charges of  violations that had been made against her; the consequences that could be imposed on her if she were found to have committed the violations alleged against her; and her right to a hearing. Defendant  responded that she understood the nature and seriousness of the charges that had been made against her; her right to a hearing; and that, if the charges were proved against her, she could have her pretrial release revoked and she could be incarcerated pending resolution of her case.  Defendant advised the Court she still intended to waive her rights to a hearing and admit the violations alleged in the Petition.

The Court therefore finds Defendant violated Condition #7(p) of the Order Setting

Conditions of Release which required Defendant to refrain from any use or unlawful possession

of a narcotic drug and other controlled substances as defined in 21 U.S.C. §802 unless prescribed

by a licensed medical practitioner, in that she admitted to using crack cocaine.

For the reasons stated on the record of the hearing, the Court **ORDERS** that Defendant be

released on her original Conditions of Release with the following additions:

1)      If Defendant's counselor recommends she attend inpatient therapy, Defendant will be

required to go; and

2)      Defendant shall provide to her Pretrial Services Officer information regarding her finances

and budget in order to assist the Pretrial Services Officer in determining that her income

and her son's disability income are not being used to purchase illegal drugs.

The Clerk is directed to provide copies of this Order to all counsel of record.


DATED: June 3, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE